UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LANCE ELLIS (#303379)　　　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 18-609-JWD-RLB

JASON KENT, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LANCE ELLIS (#303379)                                          CIVIL ACTION

VERSUS                                                         NO. 18-609-JWD-RLB

JASON KENT, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 5, 6. There is no need for oral argument or for an evidentiary hearing.

On June 3, 2018 the *pro se* petitioner, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2012 criminal conviction and sentence pursuant to a guilty plea entered in the Twenty Third Judicial District Court for the Parish of Ascension, State of Louisiana, on fourteen counts of carnal knowledge of a juvenile. The petitioner asserts that he was provided with ineffective assistance of counsel because his counsel failed to challenge the state's expert witness testimony regarding his competency to stand trial, he received ineffective assistance of counsel because his counsel allowed him to plead guilty despite his mental incapacity, and he was denied due process because his guilty plea was not made knowingly and intelligently due to his mental incapacity.

### Procedural History

On April 29, 2014 the petitioner pled guilty to fourteen counts of carnal knowledge of a juvenile and was sentenced to 42 years at hard labor. The petitioner did not pursue a direct appeal. On June 16, 2014, the petitioner filed, *pro se*, a motion to withdraw his guilty plea and a

2

motion to recuse the judge. The clerk of court at the 23rd Judicial District Court, Parish of Ascension, rejected these filings because the petitioner was represented by counsel. The First Circuit Court of Appeal ("First Circuit") denied the petitioner's writ application related to his motion to withdraw his guilty plea and motion to recuse the judge on October 6, 2014 because there was no judgement from which the court could conduct any review. The petitioner filed a motion to reconsider his sentence on September 26, 2014, which was denied by the trial court on October 5, 2014.

On January 29, 2015 the petitioner filed an application for post-conviction relief at the trial court. The trial court denied petitioner's application on April 22, 2015. The petitioner attempted to file a writ application with the First Circuit, however the First Circuit rejected his application on July 27, 2015 because the application failed to comply with the rules of court. The petitioner did not resubmit a proper writ application with the First Circuit, nor did he seek any further review with the Louisiana Supreme Court. On June 3, 2018 the petitioner filed the instant petition for habeas corpus.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter

3

pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner was sentenced on August 25, 2014. Because the petitioner did not appeal, the judgment became final on September 24, 2014, upon the passage of the time allowed for him to pursue an appeal (30 days after his sentencing).[1] The petitioner's motion for reconsideration of sentence tolled the statute of limitations from the date it was filed, September 26, 2014, until it was denied by the trial court on October 5, 2014.[2] Therefore, approximately two days of untolled time elapsed between the time the petitioner's judgment

---

[1] *See Williams v. Louisiana,* 2011 WL 1527219 (E. D. La. Mar. 28, 2011) (report and recommendation adopted, 2011 WL 1527027), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.
[2] The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson,* 215 F.3d 497, 501 (5th Cir.2000).

became final on September 24, 2014 and when he filed his motion to reconsider sentence on September 26, 2014.

The statute of limitations remained tolled until 30 days after the trial court denied the motion to reconsider sentence, on November 4, 2014, which was the last day the petitioner could have sought review of the ruling at the First Circuit. Thereafter, approximately 86 untolled days elapsed before the petitioner filed his PCR application on January 29, 2015.[3] Because the Louisiana First Circuit Court of Appeal rejected his improperly filed writ application, the statute of limitations only remained tolled until thirty days after the trial court denied the PCR, or May 22, 2015. Approximately 64 days of untolled time passed between the last day the petitioner could have properly filed a writ application with the First Circuit, May 22, 2015, and the date the First Circuit rejected the petitioner's writ application, July 27, 2015. **Another 1,042 days** of untolled time passed between the date the First Circuit rejected the petitioner's writ application and the date the petitioner filed his petition for habeas corpus relief.[4] This resulted in a total of 1,258 days of un-tolled time.[5] Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-

---

[3] This is the date it was signed by the petitioner.
[4] This time period alone is more than sufficient to find the instant petition untimely, regardless of whether any of the prior filings in state court tolled the limitations period.
[5] Even if the petitioner is given tolling credit for properly filing his writ application at the First Circuit, his habeas petition is untimely, as the calculation would be 1,130 days of total untolled time.

5

created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas

6

petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The petitioner requests equitable tolling because he was under mental health observation and suicide watch during the time to file a petition for certiorari to the Louisiana Supreme Court. The petitioner has provided the court with no proof of this contention, in the form of medical records or other documentation. The trial court record includes documents indicating the petitioner was on suicide watch from November 1, 2012 to November 4, 2012. However, these four days of suicide watch occurred well before the petitioner pled guilty and was sentenced and have no bearing on the timeliness of his habeas petition. Although metal illness may warrant equitable tolling, a petitioner must first make a threshold showing of incompetence and must show that his incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, 541 Fed. Appx. 499 (5th Cir. 2013). Here, the petitioner has not proved that he is incompetent, nor has he proved that there is a causal connection between his mental illness and his failure to file a timely federal habeas petition. Conclusory allegations regarding mental illness are insufficient to invoke equitable tolling. *See Smith v. Kelly*, 301 F. Appx. 375 (5th Cir. 2008).

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. The record reflects that the petitioner did not diligently pursue his rights, nor was he

7

prevented from doing so in some extraordinary manner. The petitioner provides no explanation for why he waited until June 3, 2018 to file his habeas petition, which was nearly three years after the last state court decision. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**